MILLER *v.* McGALLIGAN.

Where B. and M. filed a bill to foreclose a mortgage against J. M., and W. M. was made a party defendant by an amended bill, to which J. M. made no answer, but W. M. answered, and set up fraud in B. and M. in obtaining an assignment of the mortgage from him as the original mortgagee; it was held that on dismissing the bill as to B. and M., a decree of foreclosure could not be rendered in favor of W. M. against J. M., as he was not summoned to answer a bill describing such an interest, nor to respond to parties in the character of trustees; and that to justify such a decree, J. M. should have been made an adversary party to W. M., by motion or cross-bill.

IN EQUITY.   *Error under territorial laws to Van Buren District Court.*

The opinion sufficiently states the case to give a correct idea of the point decided.

*J. C. Knapp,* for the plaintiff in error.   The court erred in rendering judgment against Miller, on a mere order of dismissal, as against Burns and McBride.   *Rev. Stat.* p. 109, § 23, provides that if the complainant shall not answer the interrogatories exhibited by defendant within the time fixed by the rules of court, "his petition shall be dismissed."   Then, whenever that circumstance occurs, the complainant is out of court.   He cannot farther prosecute his claim in that case, because he has failed to comply with a requisition of the statute "within the time fixed by the rules of court."   The court therefore does not, and cannot enter into an investigation of the merits of the case, but merely decides (not that the complainants have no rights, but) that the court cannot proceed to investigate the complainants' rights in consequence of their default.   The judgment is therefore tantamount to a judgment of *non. pros.*, and does not preclude the complainants from prosecuting again for the same subject matter.

If any doubt can exist in this matter, it will receive support from other portions of the same act.   Section 43 recognizes " decrees or dismissions," in two different places, as

Miller *v.* McGalligan.

matters distinct in their character and application. Section 33 provides that if the complainant does not appear at the time and place of hearing, "his petition shall be dismissed, with costs," &c. No investigation takes place in that instance, but merely an order that the complainant shall not farther prosecute his suit in consequence of his default. Section 34 provides that if the defendant "shall not appear," an investigation shall take place, &c. The judgment therefore in the first case above named, could not be a bar to complainant in another suit for the same subject matter,—*a fortiori*, it could not conclude the defendants: and if it would not conclude them, it would be nugatory. See Story's Eq. Pl. § 793; Jeremy, Eq. Jur. 238; Cooper, Eq. Pl. 270, 271; *Peering* v. *Dunning*, 4 John. Ch. R. 140; *Neafie* v. *Neafie*, 7 ib. 1.

There are many cases where even a judgment upon demurrer, when all the allegations, correctly pleaded, are admitted by the demurrer, and when an investigation does take place, so far as those allegations are concerned, will not preclude the complainant from bringing another action for the same subject matter. Story's Eq. Pl. 358, § 456; 2 Mad. Ch. Pr. 248; *Holmes* v. *Remsen*, 7 John. Ch. R. 286.

It is clear, therefore, that if no investigation takes place upon the merits, and nothing substantial is determined concerning the rights of the complainants, no decree can be made which shall effect the respective rights of the co-defendants, even could the chancellor, under the broad dicta of the books, conferring almost unlimited authority upon him, proceed to the investigation of their respective rights after he had decreed that the complainants had no right to the subject of the suit. And it is also clear that no investigation could be had in this case, for on default of complainants as pescribed, "their petition shall be dismissed." Then *cessante causa, cessat effectus.*

2d. But if the complainants should be held concluded by the decree in the above case, we then submit that, notwithstanding the broad dicta of the elementary books before re-

Miller *v.* McGalligan.

ferred to, the court should not have proceeded to decree respecting the relative rights of the co-defendants. See Fonb. Eq. 322, 4th Am. ed. note of Am. editor and authorities cited; Story's Eq. Pl. ch. iv. sec. 72, and authorities cited.

Courts of equity entertain suits for the investigation of mixed and complicated rights; and it is laid down as a general principle, that all persons interested in the subject of the suit must be made parties. And it has been remarked that the expression, "subject of the suit," may mean the question, as whether A. has a right to foreclosure in a particular case, or it may mean the property or interest respecting which litigation is engendered. See Story's Eq. Pl. 77, note, Col. on Part. 11. If it should mean the former, then it is necessary to bring before the court all persons who have a legal interest, or equitable interests not legally represented, so that the decree of the court upon the merits shall be binding as against the complainants in favor of all interested. It is necessary then to bring in all parties whose rights may be affected as above, so that the court, when it has the property or interest in its hands for disposition, may proceed at one time to make decree respecting all the interests involved. The question of parties in equity is said to be, in a great measure, one of policy to prevent multiplicity of suits, and to save re-investigation of the same matter many times. Consequently all persons having ostensible interests in the subject matter should be made parties.

Suppose then that A. should file a bill, claiming an interest in a certain subject matter. He is of course required to bring before the court all persons interested, according to the rule above stated. And suppose it should turn out on investigation that A. had no rights to the "subject of the suit," according to the second definition above, what could the court do? Could it with propriety say, "The whole amount of this contest has been to prevent A. from establishing an interest in the '*subject of the suit*,' and in that the defendants have been successful? And it is also true that the defendants have been dragged before the court, in all probability

34

Miller *v.* McGalligan.

against their will, to contest this unjust claim, and it is highly probable that the defendants have no desire that the court adjudicate concerning their respective rights; nor are their respective rights in any way shown to the court. Still, because we find a broad dictum laid down by elementary writers upon the subject of parties in equity, that ' it is the constant aim of courts of equity to decide upon and settle the rights of all persons interested in the subject of the suit; (see Story's Eq. Pl. 74,) therefore we must ' *decide upon*' that which has not been investigated, and ' *settle*' that which has never been disturbed !'' It is undoubtedly true that if A. should establish a claim to the property in contest, be it ever so unimportant, courts may, when deciding upon the extent of his rights, proceed to dole out to all other parties before them their respective portions, because in the first place, as a general thing, the same testimony which established the extent of A.'s claim, would also designate the respective rights of B., C., &c.; and 2d, from the motive of policy above named. But until it could be established that A. had rights to the subject matter, no testimony could with propriety be introduced to ascertain the respective rights of B., C., &c., as amongst themselves. The bill must be dismissed, because A. has not established the primary allegation of his bill, to wit, that he had rights; and as a consequence, the court could not take hold of the property to distribute it.

But should it be urged that Miller made default, and thereby tacitly admitted the justice of complainant's claim as against him, and as a consequence McGalligan finding the complainants (bill and all) out of court, without examination has a right to appropriate the matters alleged in their bill against Miller, to his own benefit, we answer, *non sequitur*. We think we have shown satisfactorily that the complainants are not precluded, by the order of dismissal in this case, from bringing another suit and having a farther investigation respecting the assignment of the bond and mortgage to them. But should it be otherwise, the statute, p. 108, sec. 13, provides that if the defendant does not file his

Miller *v.* McGalligan.

plea, &c., within the time fixed by the rules of court, the court may proceed to decree thereon, or may compel the complainant to prove the allegations of his bill, &c. But the bill is out of court. The court cannot, if it would, make a decree upon the allegations of the bill, for it is not before them. Neither can proof be introduced to sustain its allegations, for the court has no right to look into it to see what is therein alleged. It is the bill of Burns and McBride, and by no *equitable* legerdemain can it become the bill of Wm. McGalligan. McGalligan, if he can sustain all the allegations set forth in his answer filed in this case, in another suit against Burns and McBride, may possibly obtain the aid of a court of chancery to enable him to control the bond and mortgage upon which this suit is founded, or their proceeds. Even that point has not as yet been investigated in this suit. If the court could make any such investigation, it must of course be under the provisions of section 13, above cited, and the language of section 23 positively precludes that. The court does not undertake to say whether the allegations of the defendant are true or false, nor does it even proceed to see what those allegations are. If the complainants do not *file* their answer to defendant's interrogatories within the time fixed by the rules of court, their bill is *dismissed,* without any investigation, and from that moment they and their bill are beyond the reach of the court, except for the purpose of compelling to pay costs for their default. Under no possible circumstances can McGalligan become entitled to claim " the bill" or the allegations therein set forth as against Miller, for his benefit. He has as much right to look into the private dormitories of Burns and McBride, as into their bill after it is dismissed, and it is believed that the same principle applies to this court.

One defendant cannot have a decree against a co-defendant without a cross-bill with proper prayer and process, or answer as in an original suit. *Tabbot* v. *McGee,* 4 Monroe, 379. A dismissal of a bill for want of prosecution does not pre-

vent complainant from bringing another bill.   18 Vesey, Ch.
R. 459.

*J. C. Hall*, for the defendant.   The case shows that
Burns and McBride held in trust for McGalligan, who sought
a decree in their favor for his use.   The decree duly declares
the trust, and disposes of the case in accordance with the
apparent equity of the parties.   Miller, by his default, con-
fesses his liability, and the decree only makes him pay to the
person who appeared to be entitled to receive the amount due.
Substantial justice has been done, and the defendant, Miller,
can only complain as to the form, not the substance.

*Opinion by* HASTINGS, C. J.   This was a proceeding in
chancery in which the record shows that Burns and McBride
filed their bill to foreclose a mortgage executed by Miller.
That McGalligan was made a party defendant by an amended
bill.   That Miller demurred for want of parties, and thereby
caused McGalligan to be made a party defendant, and never
answered.   That McGalligan answered, and set up fraud in
complainants in procuring the assignment from McGalligan
to Burns and McBride, McGalligan being the original mort-
gagee, and with his answer exhibited interrogatories to com-
plainants under the statute, and the bill was dismissed ac-
cording to the statute.   That thereupon the court rendered
a decree of foreclosure in favor of McGalligan against Miller.
Miller sues out of this court his writ of error, and assigns
for error the rendition of said decree.   It is contended by de-
fendant in error, that Burns and McBride were the trus-
tees of McGalligan in equity, their assignment being fraud-
ulent.   Suppose this to be true, Miller was never summoned
to answer a bill describing such an interest, or to respond to
parties complainant of such a character.   Had Burns and
McBride filed a bill describing their character as trustees,
or had McGalligan filed a cross-bill, setting out his interest
in the matter in controversy, and called upon Miller to re-

Miller *v.* McGalligan.

spond, and he had been in default, a decree of foreclosure would have been correct.

But when the decree was rendered, Miller was in default to no one, the bill having been dismissed ; and therefore the decree was erroneous. The bill was dismissed upon the motion of McGalligan, and having so summarily disposed of the parties complainant, it would be highly iniquitous to permit him to turn upon his co-defendant, and cause a decree to be rendered against him in his own favor.

It is true that the power of the chancellor will not be questioned, to render a decree according to the very right of the parties, whether complainants or defendants, when the parties have been properly brought into court; but such a decree could not be rendered until the plaintiff in error had been made to stand as an adversary party by motion, crossbill, or otherwise to McGalligan. The decree will therefore be reversed.